J. C. ELROD, ET AL., *v.* ISHAM HENDERSON, ET AL.

**Street Assessment—Equality of Assessment.**

When a street assessment extends back on the north side of the street 315 feet, while it only extends to a depth of 210 feet on the south side, the assessment is unequal; but since the city had no power to extend the assessment beyond the corporate boundary, and the assessment is as nearly equal as it could be under the circumstances, it is not illegal.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

#### November 10, 1877.

OPINION BY JUDGE COFER:

There is but a single point in the petition for rehearing in this case to which we deem it necessary to respond.

It is in substance this: "That the assessment extends back on the north side of the street 315 feet, while it only extends to a depth of 210 feet on the south side, and that therefore the assessment was unequal, and according to the decision in *Preston v. Roberts* erroneous." (See table of cases.)

Portland avenue lies north and parallel with Bank street, and is distant from it 630 feet, while the southern boundary of the city, for a portion of the distance opposite the work done, is only 210 feet south of Bank street, but for a portion of the distance, in consequence of an angle in the boundary line, it is a much greater distance from the street.

It is obvious that the city had not power to extend the assessment beyond the corporate boundary, and as long as it was circumscribed by the boundary line the case was precisely the same as if there had been a parallel street on that side of Bank street. In that case the assessment should have extended one-half the distance from the street improved to the parallel street.

The depth of the assessment being unequal, the taxation is also unequal; but it is as nearly equal as it could be under the circumstances, and that is all the law required.

After the angle in the boundary line was reached, and it became possible to extend the assessment to a greater depth on that side it should have been done, so as to produce equality in the burden whenever it was possible to do so. But it does not appear whether if that were done it would be beneficial or prejudicial to these appellants, because whether it would operate to increase or lessen the assessment against them would depend upon the location of their respective lots.

If their lots are on the south side of Bank street and east of the angle in the boundary line of the city, then to correct the assessment would increase the amount they would be bound to pay. Counsel have not pointed out (if indeed there be anything in the record from which they could do so) the location of the lots owned by the appellants respectively, and we cannot say that they have been prejudiced by the error indicated, and the petition is *overruled*.

*C. H. Gibson, R. J. Elliott, for appellants.*

*William Mix, for appellees.*